IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


GRANT LAVELL NUNN,
        Petitioner,

vs.                                                      Case No: 3:07cv52/RV/EMT

STATE OF FLORIDA,
        Respondent.
_____/

## ORDER

This cause is before the court upon limited remand from the Eleventh Circuit Court of
Appeals (Doc. 52).  The appellate court remanded the case for this court to determine whether a
certificate of appealability is appropriate for any of the issues Petitioner seeks to raise in his appeal
of the denial of his Rule 60(b) motion (*see* Docs. 52, 47).  A certificate of appealability may issue
"only if the applicant has made a substantial showing of the denial of a constitutional right."  28
U.S.C. § 2253 (c)(2).

On June 21, 2007, I dismissed Petitioner's § 2241 petition, without prejudice, on the ground
that the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971) applied, and judgment
was entered accordingly (*see* Docs. 23, 24).  In Petitioner's Motion for Rehearing and Disposition
(Doc. 26), construed as a Rule 60(b) motion, Petitioner sought relief from judgment on the ground
that the several law enforcement officers, including the officer who arrested Petitioner, committed
perjury during their depositions in the state criminal proceedings, and this perjury constituted an
"extraordinary circumstance" warranting this court's review of the state criminal proceedings (*see*
Doc. 26 at 1).  Petitioner alleged the prosecutor knew that the officers committed perjury during
their depositions and used the perjured statements to support Petitioner's conviction (*id*. at 2).  He
also alleged that he received ineffective assistance of counsel in the state criminal proceedings

because his attorney knew that the officers testified falsely in their depositions and failed to bring

it to the trial judge's attention, and counsel misled him to enter a guilty plea (*id.*).  Finally, Petitioner

contended there was insufficient evidence to support his conviction (*id.*).

Rule 60 of the Federal Rules of Civil Procedure provides:

> **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.**  The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice.  But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

> (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(a, b).

In this case, the only subsection under which Petitioner appeared to invoke relief was the

"any other reason" ground under Rule 60(b)(6), which requires a showing of "extraordinary

circumstances" to warrant relief.  *See* Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S. Ct. 2641, 2649,

162 L. Ed. 2d 480 (2005).  Such circumstances rarely occur in the habeas context.  *Id.*  In this case,

the "extraordinary circumstance" asserted by Petitioner was that law enforcement officers perjured

themselves in their depositions in Petitioner's state criminal proceeding; however, this

"circumstance" can only be related to the integrity of the state court proceedings, not to the federal

habeas proceeding.  Furthermore, the officers' alleged perjury did not impugn or even address the correctness of this court's basis for dismissing Petitioner's federal habeas action, namely, that federal abstention was warranted based upon the principles set forth in <u>Younger v. Harris</u>, 401 U.S. 37 (1971).  Because Petitioner failed to assert any ground that was either directly or indirectly identified in Rule 60 as a possible basis for relief from judgment in this case, I denied his motion for relief under Rule 60(b).

In Petitioner's notice of appeal of the order denying his Rule 60(b) motion, Petitioner re-argues his claims of constitutional error in the state criminal proceedings, including prosecutorial misconduct, perjury by law enforcement officers, illegal arrest, ineffective assistance of counsel, and insufficient evidence to support his conviction (*see* Doc. 47).  For the same reasons that Petitioner's Rule 60(b) motion was denied, as discussed above, I conclude that Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability with regard to Petitioner's appeal of the denial of his Rule 60(b) motion should not issue.

Accordingly, it is **ORDERED**:

Petitioner's notice of appeal of the court's denial of his Rule 60(b) motion for relief from the court's order denying his 28 U.S.C. § 2241 petition, construed as a motion for certificate of appealability (Doc. 47), is **DENIED** and no certificate shall issue.

**DONE AND ORDERED** this 3rd day of January 2008.

/s/  *Roger Vinson*
**ROGER VINSON**
**SENIOR UNITED STATES DISTRICT JUDGE**